UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GABRIEL SCAFF-MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0249 (BAH) |
| | ) | |
| DRUG ENFORCEMENT | ) | |
| ADMINISTRATION *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this action brought *pro se* under the Freedom of Information ("FOIA"), 5 U.S.C. § 552, the Plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his request for records pertaining to the investigation of an alleged drug smuggling operation in Panama.[1] Pending before the Court are the Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56 [Dkt. # 14][2], the Plaintiff's motion for summary judgment [Dkt. # 26], and the Defendants' motion to strike the Plaintiff's motion, which is also their opposition to the motion [Dkt. # 28]. Upon consideration of the parties' submissions and the entire record, the Court will grant the Defendants' motion for

---

[1] In addition to suing the Department of Justice and its component, DEA, the Plaintiff sues an agency employee, Katherine L. Myrick. Because the FOIA provides a cause of action against government agencies only, the complaint against Ms. Myrick is dismissed for failure to state a claim upon which relief can be granted. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming the dismissal of "the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA.") (citations omitted).

[2] The Defendants filed a corrected dispositive motion to reflect that they are not seeking "partial" summary judgment [Dkt. # 15]. In all other respects, the motion and supporting documents are the same as the first motion, which remains on the docket as the operative pending motion.

summary judgment, deny their motion to strike, and deny the Plaintiff's motion for summary judgment.

## I. BACKGROUND

By letter of January 18, 2007, the Plaintiff requested from DEA certified copies of "written consents" from the Department of Justice ("DOJ") and the "Sovereign Republic of Panama's Government" that authorized DEA and the U.S. Army Criminal Investigation Command to "conduct [] cocaine smuggling activities" in February 1990, "and any and all other document [sic], reports, and bilateral agreement between the U.S. Government with the Government of Panama, related to the specific matter detailed for this criminal case." Complaint Pursuant to Title 5 U.S.C. § 552(a) et seq. ("Compl."), Ex. 1. The alleged operation resulted in the Plaintiff's criminal prosecution and conviction in the United States District Court for the Southern District of Florida. *See* Compl. at 2. By letter of October 23, 2007, DEA informed the Plaintiff that his request was deficient in several ways and invited him to reformulate the request. Def.'s Mot., Declaration of William C. Little, Jr. ("Little Decl.") [Dkt. # 14-1], Ex. J.[3] It further invited the Plaintiff to "reformulate your request and provide your intent to satisfy any fees that may be assessed for processing a 'First Party/Self' request pertaining to you." *Id*. at 2.

By letter of November 6, 2007, the Plaintiff attempted to clarify his request by emphasizing his "need [for] a copy of the [actual] authorization issued by the U.S. Attorney [sic] Office through the Department of Justice, to the DEA & CID agents that travelled [sic] to Panama in January, 1990, to bring back to U.S. Territory 182 kilograms of cocaine, for Criminal Case No. 90-CR-06036-JAG, *United States v. Maria Del C. Gulfo et [al]*." *Id*., Ex. L. By letters

---

[3] The exhibits to Mr. Little's declaration appear at Dkt. # 16.

of December 24, 2007, and March 3, 2008, the Plaintiff sought the status of his request. *Id*., Ex. M; Compl. Attach. 10. On September 29, 2008, the Plaintiff reiterated his request to DEA on a form captioned "Freedom of Information Request." Little Decl., Ex. N; Compl. Attach. 11. By letter of October 10, 2008, DEA informed the Plaintiff that it had not yet completed its search for responsive records. Little Decl., Ex. O. By letter of March 2, 2009, the Plaintiff, having received no records, appealed to the Office of Information and Privacy ("OIP"), which informed Plaintiff by letter of July 8, 2009, that it had nothing to consider because DEA had yet to make an adverse determination. *Id*., Ex. T.

The Plaintiff filed this civil action on February 18, 2010. By letter of April 5, 2010, DEA informed the Plaintiff that his request was not sufficiently detailed to permit it to conduct a reasonable search for responsive records. *Id*., Ex. U. Nevertheless, based on the information contained in the Plaintiff's Certificate of Identity, DEA searched its Narcotics and Dangerous Drug Information System ("NADDIS"), using the Plaintiff's name, social security number and date of birth, and located seven files mentioning the Plaintiff. *Id*. at 3. Each file "is available through DEA Headquarters information systems and a corresponding file . . . in a DEA field office[,]" thereby amounting to "10 DEA investigative case files . . . ." *Id*. Five of the files were opened between 1984 and 1990 but none contained information pertaining to "any DEA foreign office located in Central America." *Id*. DEA explained that it does not "index[,] retrieve or maintain records based upon a criminal case name and/or docket number, or by reference to evidence submitted at trial." *Id*. It offered to search the "10 DEA investigative files that possibly contain information responsive to [the Plaintiff's] request," if the Plaintiff agreed to pay the estimated search fee of $840. *Id*. It also informed the Plaintiff about reformulating the request to

reduce the fee. *Id*. at 4. DEA advised the Plaintiff that he had 30 days to indicate in writing his consent for the search and which files to search, and to remit his payment of "the associated fee." *Id*. By letter of April 13, 2010, DEA supplemented the April 5 letter by informing the Plaintiff that "knowing the citation to the 'mandate' or 'requirement' to which you refer will assist in determining if records exist and where they may be located." Little Decl., Ex. V at 3. In response, the Plaintiff, in a letter dated May 5, 2010, reiterated his request and referred to his criminal case information. *Id*., Ex. W.

Mr. Little made inquiries to "several DEA offices" and conducted a search within the Office of Chief Counsel "to ascertain whether any mandate existed that required DEA or its agents to obtain authority from the [Attorney General] to bring cocaine into the United States in the course of a criminal investigation." Little Decl. ¶ 42. He located no such authority. *Id*. ¶ 46.

## II. LEGAL STANDARD

Summary judgment is warranted "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The FOIA is violated when an agency improperly withholds agency records. *See* 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). An agency's inadequate search for responsive records is equivalent to an improper

4

withholding. *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003). In a FOIA lawsuit, summary judgment may be granted based on the information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citations omitted); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When, as here, the search for records is challenged, an agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id.* (citations and quotations marks omitted). The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. CIA*, 841 F. Supp. 14, 16 (D.D.C. 1993) (citing *Church of Scientology v. Nat'l Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)); *see Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search) (citation omitted).

In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness "based on what the agency knew at its conclusion rather than what the agency speculated at its inception." *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998). "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). Thus, "the [mere] fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Crim. Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007) (citations omitted).

### III. DISCUSSION

The Defendants argue that the Plaintiff has failed to exhaust his administrative remedies by reasonably describing the records sought. *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. at 6-11. But their subsequent search for records discussed below significantly weakens this argument as a basis for relief. The Court need not dismiss a FOIA claim for failure to exhaust if it determines, as it does with regard to the search, that the "purposes and policies underlying the exhaustion requirement" would not be undermined by reaching the merits. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (while exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).

    1. <u>DEA Conducted An Adequate Search for Responsive Records</u>

An agency's disclosure obligations are triggered by its receipt of a proper FOIA request in compliance with its published regulations. 5 U.S.C. § 552(a)(3); *see* 5 U.S.C. § 552(a)(6)(A)(i)

6

(requiring an agency "to determine within twenty days . . . after the receipt" of a properly submitted request "whether to comply with such request" and to notify the requester accordingly); 28 C.F.R. § 16.3 (DOJ regulation requiring requesters to "describe the records [sought] in enough detail to enable Department personnel to locate them with a reasonable amount of effort."). "Although a requester must 'reasonably describe[]' the records sought . . . , an agency also has a duty to construe a FOIA request liberally." *Nation Magazine, Wash. Bur. v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 544-45 (D.C. Cir. 1990)) (other citations omitted) (alterations in original).

DEA reasonably construed the Plaintiff's request as seeking "a document from the Attorney General of the United States authorizing DEA and/or its agents to bring cocaine, associated with an investigation that led to indictments" in the Plaintiff's criminal case, Little Decl. ¶ 39, but determined that it had insufficient information "to identify a system of records or an office that would maintain the requested document." *Id*. ¶ 41. DEA explained to the Plaintiff that his request was deficient because (1) "[t]o retrieve a record related to any agency policy[,] a date that the policy would be in effect [was] required[,]" (2) DEA was not required "to obtain records . . . [that apparently were] under the control and custody of another agency[,]" and (3) "an agency is not required to answer questions, conduct research or create records to satisfy a request." Defs.' Mot., Ex. J. The law supports DEA's position on the latter two points. *See McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983) (An agency is required to produce only those records in its custody and control at the time of the FOIA request.); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 45 (D.D.C. 2003) ("Under [the] FOIA, an individual may obtain access to records 'written or transcribed to perpetuate knowledge or events.' . . . [The] FOIA neither requires an agency to answer questions disguised as a FOIA request, [n]or to create

7

documents or opinions in response to an individual's request for information."(quoting *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985)) (alterations in original).

In response to DEA's first point, the Plaintiff, in his response letter dated December 24, 2007, cited *U.S. v. Hill*, 935 F.2d 196, 198-99 (11th Cir. 1991) and 21 C.F.R. §§ 1311-12. Little Decl., Ex. M. Neither of those references, however, specifies the information DEA claimed it would need to conduct a search. Nevertheless, the issue is moot because Mr. Little has since demonstrated his good-faith effort "to ascertain whether any mandate existed that required DEA or its agents to obtain authority from the AG" for the alleged drug smuggling operation. Little Decl. ¶ 42. He "canvassed" DEA's legal offices and contacted its Operations Division and Office of Operations Management, but located no such mandate. *Id*. ¶¶ 42-46. In addition, DEA has searched the filing system most likely to contain records about the Plaintiff -- NADDIS -- utilizing the Plaintiff's name, social security number and date of birth. *See id*. ¶¶ 47-54. It has located seven files mentioning the Plaintiff, but "none reflect[s] a file established by any DEA foreign office located in Central America." *Id*. ¶ 54. The Court is satisfied from Mr. Little's description of DEA's record systems and the search methods employed that DEA conducted an adequate search for responsive records.

2. DEA Has Not Improperly Withheld Records

DEA has located investigative files that mention the Plaintiff and has assessed an estimated search fee of $840. Little Decl., Ex. U. The Plaintiff argues that the fee should be waived. *See* Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss or for Summ. J. [Dkt. # 20] at 18-21. Under the FOIA, however, "[e]xhaustion [also] does not occur until the required fees are paid or an appeal is taken from the [agency's] refusal to waive fees." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990); accord *Judicial Watch, Inc. v. FBI*, 190 F.

8

Supp. 2d 29, 33 (D.D.C. 2002). "Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the [P]laintiff has an obligation to pay for the reasonable copying and search fees assessed by the [D]efendant." *Trueblood v. U.S. Dep't of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)).

It is undisputed that the Plaintiff has not paid the assessed fee, and the agency has not granted him a fee waiver. Consequently, it appears that DEA has not yet processed the located records, and it has not issued a decision denying responsive records. The Court concludes that judicial review prior to the agency's resolution of the fee waiver request and the processing of potentially responsive records would undermine the FOIA's exhaustion purposes and implicitly condone circumvention of the foregoing exhaustion requirement by filing a lawsuit.

## IV. CONCLUSION

For the reasons stated above, the Court finds that no genuine issue of material fact is presented on the Defendants' response to the Plaintiff's FOIA request and that the Defendants, having satisfied their obligations under the FOIA, are entitled to judgment as a matter of law. Hence, the Defendants' motion for summary judgment is granted and the Plaintiff's motion for summary judgment is denied. A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
United States District Judge

DATE: March 14, 2011